# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### COOKEVILLE DIVISION

UNITED STATES OF AMERICA,

v.

No. 2:12-cr-00005
Chief Judge Haynes

RONALD W. PAUL,

   Defendant.

# O R D E R

On May 16, 2012, a federal Grand Jury indicted Defendant, Ronald W. Paul, on charges of violating the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901 et seq.. (Docket Entry No. 1). Defendant moved to dismiss the indictment, contending, in sum, that Defendant's State of Tennessee criminal court judgment absolved him from any duty to register as a sex offender after his conviction on numerous charges of rape and sexual battery. (Docket Entry No. 22). In response, the Government asserted that a waiver of SORNA's statutory requirement would be a violation of separation of powers and that Defendant has a duty to register as a sex offender under federal law. (Docket Entry No. 27). On October 25, 2012, the Court denied Defendant's motion to dismiss the indictment and concluded that Defendant had a separate federal duty to register under SORNA that the judiciary lacked authority to waive. (Docket Entry No. 35).

Before the Court is Defendant's motion to reconsider (Docket Entry No. 35) the Court's Order (Docket Entry No. 34) denying Defendant's motion to dismiss the indictment (Docket Entry No. 22). Defendant contends that the Court's Order did not address Defendant's argument that

1

Defendant had a bargained for contractual right that waived any duty to register as a sex offender and that the Court's Order permits an individual or agency to disregard a court order issued by a court of competent jurisdiction. (Docket Entry No. 35 at 1). Upon review, the Court grants Defendant's motion to reconsider, but reaffirms the denial of the motion to dismiss the indictment.

Defendant first contends that "the Court's Order did not address [Defendant's] argument that release from the sex offender registry was duly bargained for as a condition of giving up his right to a new trial and bound by contract law." (Docket Entry No. 35 at 1). Defendant's contention is without merit. "To be sure, '[p]lea agreements are contractual in nature. In interpreting and enforcing them, [the court's] use traditional principles of contract law.'" United States v. Randolph, 230 F.3d 243, 249 (6th Cir. 2000). Here, the federal prosecutors in the Middle District of Tennessee were not parties to Defendant's 2006 plea bargain with the State of Tennessee prosecutors. "[A] state prosecutor's plea bargain can [only] be enforced against federal prosecutors if the federal and state prosecutors have been in sufficient cooperation to find that federal prosecutors are parties to the offer, in that they have agreed to be bound by the state prosecutor's offer." United States v. Nixon, 315 F.Supp. 2d 876, 878 (E.D. Mich. 2004); see also United States v. Fuzer, 18 F.3d 517, 520 (7th Cir. 1994) ("[S]tate prosecutors cannot bind federal prosecutors without the latter's knowledge and consent."). Accordingly, the federal prosecutor's are not bound by any contractual right Defendant obtained through his plea bargain with the State of Tennessee. Thus, the Court concludes that Defendant does not have any contractual rights exempting him from prosecution under federal law for failing to register as a sex offender under SORNA.

Defendant next contends that the "Court's Order permits an individual or agency to disregard a court order issued by a court of competent jurisdiction – valid on its face – if the individual or

agency believes the order violates the separation of powers, even if the original court order has never been challenged and overturned." (Docket Entry No. 35 at 1). The Court's Order (Docket Entry No. 34) was based upon the Defendant's duty to register as a sex offender under SORNA, that is separate and distinct from his state duty to register. See United States v. Morales, 258 F.R.D. 401, 405 (E.D. Wash. 2009). In addition, the Court found that Defendant's state court judgment did not waive his duty to register because the judiciary lacked the authority to create a statutory exemption where the Tennessee legislature did not provide for any exemptions. Despite Defendant's contention, the Court's Order did not provide any individual or agency the authority to disregard a court order.

For these reasons, the Court **GRANTS** Defendant's motion to reconsider (Docket Entry No. 36), but the Court **AFFIRMS** the denial of Defendant's motion to dismiss the indictment (Docket Entry No. 34).

It is so **ORDERED**.

**ENTERED** this 13th day of November, 2012.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

3