IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No: 2:12-cr-00005 |
| | ) | Chief Judge Haynes |
| RONALD W. PAUL | ) | |

**GOVERNMENT'S MOTION IN LIMINE #3**

[Handwritten annotation: ORDER. This motion is GRANTED based upon statement of counsel. / will [illegible] / 11-27-12]

The United States, through United States Attorney Jerry E. Martin and the undersigned Assistant United States Attorneys, hereby requests this Court permit the government to offer evidence of defendant's 2007 conviction for rape to impeach the truthfulness of defendant should he testify at trial.

Pursuant to Fed. R. Evid. 609(a)(1)(B), evidence of a defendant's prior felony, when less than ten years have passed since conviction, must be admitted in a criminal case in which the defendant is a witness and the evidence is used to attack the defendant's character for truthfulness if the probative value of the evidence outweighs its prejudicial effect. Here, evidence of defendant's 2007 conviction falls squarely within the ambit of Rule 609(a)(1)(B), and should be admitted if defendant testifies.

Prior to admitting evidence of a prior conviction under Rule 609, the district court must examine certain factors and make explicit findings as to whether the potential prejudicial impact of the evidence outweighs its probative value regarding the defendant's credibility as a witness. *See United States v. Moore*, 917 F.2d 215, 234 (6th Cir. 1990). In doing so, the district court may consider the five factors articulated in *Gordon v. United States*, 383 F.2d 936, 940-41 (D.D.C. 1967). Weighing the specific facts and circumstances of this case, in light of these factors

1